692 F.2d 1031
 30 Fair Empl.Prac.Cas. 867,
30 Empl. Prac. Dec. P 33,215,
31 Empl. Prac. Dec. P 33,492
 Louis SWINT and Willie James Johnson, on behalf of
themselves and others similarly situated,
Plaintiffs-Appellants,
v.
PULLMAN-STANDARD, Bessemer, Alabama, United Steelworkers of
America, Local 1466, United Steelworkers of America, AFL-CIO
and International Association of Machinists and Aerospace
Workers, AFL-CIO, Defendants-Appellees.
 
 No. 78-2449.
 United States Court of Appeals,
Fifth Circuit.*
 Dec. 6, 1982.
As Corrected April 4, 1983.
 Oscar W. Adams, Jr., Birmingham, Ala., Elaine R. Jones, Washington, D.C., for plaintiffs-appellants.
 Michael H. Gottesman, Washington, D.C., for defendants-appellees.
 Thomas, Taliaferro, Forman, Burr & Murray, Birmingham, Ala., Bernard Kleiman, Franklin B. Snyder, Chicago, Ill., Carl Frankel, Pittsburgh, Pa., for Pullman-Standard.
 Cooper, Mitch & Crawford, Jerome A. Cooper, C.V. Stelzenmuller, D. Frank Davis, Birmingham, Ala., for United Steelworkers of America, Local 1466, United Steelworkers of America, AFL-CIO & Intern. Ass'n of Machinists & Aerospace Workers, AFL-CIO.
 Appeal from the United States District Court for the Northern District of Alabama.
 ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
 Before RONEY and HATCHETT, Circuit Judges, and WISDOM, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This employment discrimination action's first journey to this court resulted in a remand to the district court for further proceedings with respect to Pullman-Standard's seniority system and its selection of supervisory personnel. Swint v. Pullman-Standard, 539 F.2d 77 (5th Cir.1976). Subsequently, the district court held that the seniority system did not discriminate against blacks and was therefore bona fide under 42 U.S.C.A. Sec. 2000e-2(h), that Pullman-Standard did not follow a discriminatory practice or policy in job assignments after the effective date of the Civil Rights Act of 1964, 42 U.S.C.A. Sec. 2000e-2(a), and that Pullman-Standard had rebutted the plaintiffs' prima facie case of discrimination in the selection of supervisory personnel. We reversed and held that: (1) although the statistics disclosed that Pullman-Standard had made significant advancements in eliminating previous all-black and all-white departments subsequent to 1966, the total employment picture revealed that racially discriminatory assignments were made after the effective date of Title VII; (2) Pullman-Standard's department seniority system was not "bona fide" within the meaning of section 703(h) of Title VII, 42 U.S.C.A. 2000e-2(h); and (3) the plaintiffs' prima facie showing of racial discrimination in the selection of supervisory personnel had not been rebutted. Swint v. Pullman-Standard, 624 F.2d 525 (5th Cir.1980).
 
 
 2
 The United States Supreme Court granted certiorari to review the seniority system issue, reversed the judgment of this court, and remanded the case to us "for further proceedings consistent with this opinion." --- U.S. ----, ----, 102 S.Ct. 1781, 1792, 72 L.Ed.2d 66, 82 (1982). Accordingly, we VACATE our judgment as to this issue and REMAND the case to the district court for further proceedings to determine, what impact the "locking-in" of blacks to the least remunerative departments had on discouraging transfer between seniority units, and the significance of the discriminatory motivation of IAM with respect to the institution of USW's seniority system, and any other proceedings that may be deemed necessary in view of our prior opinion and that of the United States Supreme Court.
 
 
 3
 REMANDED.
 
 
 
 *
 Former Fifth Circuit Case, section 9(1) of Public Law 96-452--October 14, 1980